UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PHOENIX NPL, LLC,

    Plaintiff,

v.

Case No: 6:18-mc-29-Orl-40TBS

CAPITAL HOTEL, INC., CHIRAG
KABRAWALA, ASHOK DHABUWALA,
BRANDON LEVIN, NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE and TASHJIAN & PADIAN,

    Defendants.

## ORDER

Pending before the Court is Plaintiff's Second Motion for Continuing Writ of Garnishment after Judgment (Doc. 8). On August 3, 2017, Plaintiff obtained an Order Confirming Referee's Report of Sale and Entering Deficiency Judgment against Defendant, Chirag Kabrawala, in the Northern District of New York, which has been registered in this Court. Plaintiff states that it does not believe this Defendant is in possession of visible property upon which a levy can be made sufficient to satisfy the Judgment, and moves the Court for a continuing writ of garnishment against Garnishee, The Kabrawala Law Group, PLLC. In an earlier filing, Plaintiff represented that the would-be garnishee is this Defendant's employer, located at 190 E. Morse Boulevard, Winter Park, Florida 32789 (Doc. 4). Although the writ was issued previously (Doc. 6), it was recalled for failure to comply with the directions of the Court to include the required Notice to Defendant (Doc. 7). Now, on its third try, Plaintiff has tendered a proposed writ and the

required Notice to Defendant (Doc. 8-1). Upon review, the motion is **GRANTED, but only in part.**

Plaintiff contends that the writ must be issued by a judge and not the clerk of court, and has tendered a writ which provides for issuance under my signature. Citing no case law, Plaintiff argues that, as Florida Statute § 77.0305 provides that "the court shall issue a continuing writ of garnishment," the writ must be issued under signature of the Court and cannot be issued by the clerk. I do not agree. Federal Rule of Civil Procedure 69(a) states:

> [a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution–and in proceedings supplementary to and in aid of judgment or execution–must accord with the procedure of the state where the court is located, **but a federal statute governs to the extent it applies.**

FED. R. CIV. P. 69(a) (emphasis added). Even assuming Plaintiff's interpretation of the Florida statute is correct (a conclusion I do not share for the reasons cited below), it is trumped by 28 U.S.C. §1691, which provides: "All writs and process issuing from a court of the United States shall be under the seal of the court **and signed by the clerk thereof.**" (Emphasis added).

Having the Clerk issue the writ upon review and approval by the Court is also consistent with Federal Rule 77(c)(2)(a):

> (2) <u>Orders</u>. Subject to the court's power to suspend, alter, or rescind the clerk's action for good cause, the clerk may:
>
> (A) issue process;
>
> \*\*\*

FED. R. CIV. P. 77(c)(2)(a). As another federal court has explained:

- 2 -

A writ of garnishment is a form of "process." See, e.g., 28 U.S.C.§ 3004(a) ("a complaint, notice, writ, or other process") (emphasis added); id. § 3004(b)(1)(A) ("any writ, order, judgment, or other process, including a summons and complaint") (emphasis added); Mackey v. Lanier Collection Agency & Serv., Inc., 486 U.S.825, 844 (1988) (Kennedy, J., dissenting) ("legal process[ ] includ[es] writs of garnishment"); United States v. Morton, 467 U.S. 822, 827 (1984); United States ex rel. Tanos v. St. Paul Mercury Ins. Co., 361 F.2d 838, 839 (5th Cir. 1966); Francois v. Washmonbo, Inc., No. 05-23368-CIV, 2008 WL 2694752, at *2 (S.D.Fla. July 8, 2008); United States ex rel. Corsetti v. Commanding Officer of Camp Upton, U.S. Army, 3 F.R.D. 360, 361 (E.D.N.Y. 1944) (" 'Process' is a term sufficiently broad to include all writs."); 38 C.J.S. Garnishment § 173 (last updated June 2017) ("A garnishment writ is a form of process, and compliance with statutory provisions relating to summons or other process against the garnishee is essential."); Process, BLACK'S LAW DICTIONARY (10th ed. 2014) (" 'Process' and 'writ' or 'writs' are synonymous, in the sense that every writ is a process...."). As process, service of the writ constitutes the mechanism through which the Court obtains personal jurisdiction over the garnishee in order to impose the "significant burdens of complying with the garnishment." See Mackey, 486 U.S. at 844 (Kennedy, J., dissenting); Ace Inv'rs, LLC v. Rubin, 494 Fed.Appx. 856, 858 (10th Cir. 2012); Millard v. United States, 916 F.2d 1, 3 (Fed. Cir. 1990) ("A garnishment proceeding to enforce a judgment debt is an ancillary legal proceeding against the third party garnishee and must be brought where jurisdiction can be obtained over the third party.") (citing Harris v. Balk, 198 U.S. 215, 22 (1905)); U.S. Rubber Co. v. Poage, 297 F.2d 670, 673 (5th Cir.1962) ("[B]y personal service upon a garnishee found in the state, the court acquires jurisdiction over him and can garnish the debt due from him to the debtor of the plaintiff."); Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper Co., Civ. Action No. 03–08554, 2009 WL 1055577, at *1-2 (S.D.N.Y. Apr. 17, 2009); 38 C.J.S.Garnishment § 173 (last updated June 2017) ("The purpose of the writ [of garnishment] is to notify the garnishee, to bring that person within the court's jurisdiction and before the court, to determine whether a suspected debt exists, to gain jurisdiction over the debt, to warn the garnishee not to pay the money to the judgment debtor, and to give the garnishee an opportunity to defend.") (footnotes omitted). Indeed, like a summons under Rule 4, a writ of garnishment is only issued after the court has reviewed the application to ensure it meets the outlined requirements. Compare FED. R. CIV. P. 4(a)-(b) with 28 U.S.C.§ 3205(c).

United States ex rel. Bunk v. Gosselin Worldwide Moving, N.V., No. 102CV1168AJTMSN, 2017 WL 4476846, at *7 (E.D. Va. Aug. 22, 2017). "[T]he fact that the clerk of the court signs the writ of garnishment makes it no less a judicial process." Juneau Spruce Corp. v. Int'l Longshoremen's & Warehousemen's Union, 131 F. Supp. 866, 872-73 (D. Haw. 1955).

It is common practice for a federal court to direct the clerk to issue such a writ. See, e.g. Compass Bank v. Alarcon, No. 8:17-MC-111-T30-MAP, 2017 WL 6733989 (M.D. Fla. Dec. 11, 2017) (note Doc. 7 in that docket); Francois v. Washmonbo, Inc., No. 05-23368-CIV, 2008 WL 2694752 (S.D. Fla. July 8, 2008). This practice *is consistent with the Florida courts' own interpretation* of the statute. Indeed, the pleading forms set forth in the Florida Rules of Civil Procedure provide for issuance of a continuing writ of garnishment against salary or wages, under signature of the Clerk of court. See FLA. R. CIV. P. Form 1.907(b); see also 2 LA COE'S FLA.R.CIV.P. FORMS R 1.630(605) (2017 ed.) ("This form is to be used to effectuate section 77.0305, Florida Statutes."); Trawick, FLA. PRAC. & PROC. FORMS § 10:66 (2017 ed.); and *How to Determine Whether Action is by the Clerk or by the Court–Miscellaneous Writs*, 4 FLA. PRAC. CIVIL PROCEDURE § 1.160:10 ("The clerk typically issues writs of garnishment").

Now, the motion is **GRANTED in part.** Plaintiff shall have **seven days from the date of this Order** in which to tender to the Clerk the Continuing Writ of Garnishment directed to the garnishee, The Kabrawala Law Group, PLLC, against Defendant Chirag Kabrawala in the amount of $4,152,712.84, with a signature block for the Clerk's signature. Upon receipt, the Clerk is **directed** to issue the Writ and attach the Notice to Defendant required by Section 77.041(Doc.8-1, pp. 4-7) to the Writ.

**DONE** and **ORDERED** in Orlando, Florida on June 4, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record